10/10/01

**THIS DISPOSITION
IS NOT CITABLE AS PRECEDENT
OF THE T.T.A.B.**

Paper No. 11
BAC/kmp

# UNITED STATES PATENT AND TRADEMARK OFFICE
_____

## Trademark Trial and Appeal Board
_____

In re HII, Inc., dba Horizon Investments
_____

Serial No. 75/657,065
_____

Jill M. Pietrini of Manatt, Phelps & Phillips, LLP for HII, Inc., dba Horizon Investments.

Amy Lohr, Trademark Examining Attorney, Law Office 107 (Thomas Lamone, Managing Attorney).
_____

Before Chapman, Rogers and Drost, Administrative Trademark Judges.

Opinion by Chapman, Administrative Trademark Judge:

On March 10, 1999, HII, Inc., dba Horizon Investments filed an application to register the mark BEASTMASTER on the Principal Register, for services identified, as amended, as "production of motion pictures, pre-recorded videotapes, and television programs, and distribution of motion pictures and television programs" in Class 41. Application Serial No. 75/657,065 is based on Section 1(a) of the Trademark Act, with applicant claiming a date of first use and first use in commerce of August 20, 1982.

The Examining Attorney required that applicant submit substitute specimens, supported by an affidavit or declaration, showing use of the mark for the identified services. Applicant submitted three additional specimens, all of which were properly supported by declarations.

The original specimens submitted by applicant consist of a copy of a September 15, 1982 advertisement from a trade publication promoting a movie entitled THE BEASTMASTER. Applicant later submitted substitute specimens consisting of (1) a photocopy of a movie videotape and its packaging, both bearing the word BEASTMASTER (with a copyright notice naming "MCA Television Limited"); (2) a photograph displaying two movie videotapes featuring the wording BEASTMASTER in the title; and (3) a 1982 publicity photograph featuring actors from the movie THE BEASTMASTER.

Registration has been finally refused on the ground that the specimens submitted by applicant do not show use of the mark for the services identified in the application.

Applicant has appealed, and briefs have been filed. An oral hearing was not requested by applicant.

The Examining Attorney's position is essentially that the specimens show use of the mark as the title of a

2

series of movies, but fail to demonstrate use of the mark in association with the identified services, "production of motion pictures, pre-recorded videotapes, and television programs, and distribution of motion pictures and television programs," as required by Section 45 of the Trademark Act and Trademark Rule 2.56.[1]

Applicant essentially contends that there is a less stringent requirement for specimens for services than for goods; that the original specimens support use of the mark in association with the services because the trade publication advertisement, featuring the caption "$11,751,126...in 3 weeks," promotes applicant's "high quality" and "financially successful" services to the relevant purchasing public; that the photocopy of the videotape and its packaging prominently display the mark and identify applicant as the source of the production services; that the photograph of two videotapes demonstrates that applicant's mark is not the title of a single work but rather evidences applicant's ongoing motion picture distribution and production services; and that the publicity photograph also supports use of the

---

[1] The Board has not considered the untimely evidence attached to the Examining Attorney's appeal brief. See Trademark Rule 2.142(d).

3

applied-for mark with the identified services, through the display of the name of applicant's predecessor-in-interest, Beastmaster N.V., in the copyright notice.

The requirements for specimens of use of a mark in connection with services differ from the requirements for specimens of use of a mark in connection with goods. Although trademarks appear directly on the goods or on the containers or labels for the goods, service marks are used in connection with the services. Implicit in the statutory definitions of a "service mark" is the requirement that there be some direct association between the mark and the services, i.e., that the mark be used in such a manner that it would readily be perceived as identifying the source of such services. See *In re Advertising & Marketing Development, Inc.*, 821 F.2d 614, 2 USPQ2d 2010 (Fed. Cir. 1987); and *In re Adair*, 45 USPQ2d 1211 (TTAB 1997).

In this situation, we agree with the Examining Attorney that the specimens submitted by applicant do not show use of the applied-for mark in connection with the services identified in the application. Rather, in general, all of the specimens of record evidence use of the mark as the title of applicant's movies or, at best,

4

as a trademark for videotapes, but not as a service mark for applicant's identified services.

Specifically, the original specimen, an advertisement appearing in a trade publication, fails to establish that consumers, including industry professionals, would perceive applicant's mark as anything other than the title of a movie. This specimen includes the following wording: "'Beastmaster' Roaring Good Entertainment" and "THE BEASTMASTER." In addition, appearing beneath the title of the movie are the words "LEISURE INVESTMENT COMPANY PRESENTS A DON CONSCARELLI FILM THE BEASTMASTER," and beneath that are the words "DOMESTIC DISTRIBUTION: MGM/UA ENTERTAINMENT CO." Consumers would likely believe that Leisure Investment Company, Don Conscarelli or MGM/UA Entertainment Co. produced and/or distributed the movie. Further, there is no evidence that the specimen was used in the actual rendering or sale of applicant's services. See e.g., *In re Metriplex Inc.*, 23 USPQ2d 1315 (TTAB 1992).

In the first substitute specimen offered by applicant, the mark appears as the title of the videotapes and would not readily be perceived as identifying the source of the identified services. Again, other names appear thereon,

specifically, "Stu Segall Productions" and "MCA UNIVERSAL HOME VIDEO."

With respect to the final two substitute specimens, the wording BEASTMASTER, as it is used in the copyright notice of the publicity photograph, functions solely as a trade name not as a service mark. See generally, *In re Diamond Hill Farms*, 32 USPQ2d 1383 (TTAB 1994). Even if consumers were able to draw an association between the publicity photograph and production or distribution services, they would likely conclude that other names appearing on the photograph, i.e., "Thorn EMI Films Limited" or "Columbia-EMI-Warner Distributors Limited" were the sources of the production and distribution services rather than applicant.

The photograph of the packaging on two videotapes, again shows the title "BEASTMASTER 2 THROUGH THE PORTAL OF TIME" and "BEASTMASTER III THE EYES OF BRAXUS." The latter videotape package includes "MCA Universal Home Video" thereon. Even though there has been more than one "BEASTMASTER" movie, there is no evidence that the term BEASTMASTER has been used either to identify the services of "production of motion pictures, pre-recorded videotapes, and television programs, and distribution of

6

motion pictures and television programs" or specifically to identify applicant as the source of the same.

Applicant relies on several cases in support of its contention that varied specimens are acceptable to show use in association with service marks. Some of the specimens which the Board has found acceptable include computer printouts which show the mark used on a computer screen accompanied by applicant's declaration explaining that the specimen was used in the sale of the services, *In re Metriplex Inc.*, supra; a photograph of chain-link fences demonstrating use of the mark in the rendering of the services, where the mark sought to be registered consisted of alternately colored strands of wire, *In re Eagle Fence Rentals, Inc.*, 231 USPQ 228 (TTAB 1986); and a photograph of a person wearing a bird costume, along with evidence of prior registration for collateral use, where the asserted mark was a design of that bird costume and was used in the rendering of the services, *In re Red Robin Enterprises, Inc.*, 222 USPQ 911 (TTAB 1984). However, unlike the specimens found herein, the specimens at issue in the cases cited by applicant did not contain contradictory or conflicting information regarding the source of the services. Therefore, the cases are distinguishable.

7

Thus, the specimens of record do not support use of the mark in connection with the identified services because they do not show applicant's use of the mark in association with the sale or advertising of the services specified in the application.

**Decision:** The refusal to register on the basis that none of the specimens show use of the mark in connection with the identified services is affirmed.